Dated: 3/30/2020

The only response filed states that the trustee does not object (ECF No. 60). Thus, the claim for an administrative expense in the amount of $1,937.60 is allowed. The hearing scheduled for March 31, 2020, is canceled as unnecessary.

UNITED STATES BANKRUPTCY COURT
DISTRICT OF MASSACHUSETTS
(Central Division)

| | |
|---|---|
| IN RE: | |
| NO NAME RESTAURANT, INC., | Case No.: 19-14373 |
| Debtor | Chapter 7 |

**REQUEST OF CREDITOR HORIZON BEVERAGE COMPANY, INC. FOR ALLOWANCE AND PAYMENT OF ADMINISTRATIVE EXPENSE CLAIM PURSUANT TO 11 U.S.C. § 503(b)(9)**

NOW COMES Horizon Beverage Company, Inc. ("Horizon"), Creditor in the above-captioned bankruptcy matter, by and through its undersigned counsel and submits this Request for Allowance and Payment of its Administrative Expense Claims, pursuant to 11 U.S.C. § 503(b)(9) and Local Rule 3002-1. Horizon requests that the Court allow the claims detailed below as administrative expenses of Debtor No Name Restaurant, Inc. ("Debtor") bankruptcy estate entitled to priority treatment pursuant to 11 U.S.C. 507(a)(2) of the Code. In support of this request, Horizon states the following:

**JURISDICTION**

1. On December 30, 2019 (the "Petition Date"), No Name Restaurant, Inc., filed its voluntary petition for relief under chapter 7 of title 11 of the United States Code (the "Bankruptcy Code") in the United States Bankruptcy Court for the District of Massachusetts (the "Court").

2. This Court has jurisdiction over this motion pursuant to 28 U.S.C. §§ 157 and 1334(b). This matter is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(A) and (B). Venue is proper in this District pursuant to 28 U.S.C. §§ 1408 and 1409.

**BACKGROUND**

3. Horizon is a duly licensed liquor wholesaler pursuant to M.G.L. c. 138 § 18.